UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DAVID JAMES REISCHAUER #190306, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06-cv-151 |
| ) | |
| v. ) | HON. ROBERT HOLMES BELL |
| ) | |
| LINDA METRISH, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.    Factual Allegations

Plaintiff David James Reischauer, an inmate at the Hiawatha Correctional Facility (HTF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Linda Metrish, Assistant Deputy Warden Fredrick Robinson, and Librarian Kevin Hutchinson. In his complaint, Plaintiff claims that on February 8, 2006, Defendant Hutchinson denied him access to the courts by refusing make photo copies for him to use in his application for leave to appeal his criminal conviction to the Michigan Supreme Court. Plaintiff claims that the cost of the copies was $59.80. Defendant Hutchinson told Plaintiff that he knew that Plaintiff had a copy card and that he had to use that to pay for his copies. Plaintiff claims that he did not have sufficient funds to pay for the copies, so he asked Defendant to copy the documents and put a "flag" on Plaintiff's prison account. However, Defendant Hutchinson once again told Plaintiff to use his copy card.

Plaintiff filed a grievance, and was interviewed on the grievance by Defendant Robinson. Defendant Robinsion denied any relief, stating that Plaintiff had his own copy card and had funds enough to get credits with an account balance of $14.94 on January 1, 2006 and $19.04 on February 13, 2006. On February 15, 2006, Plaintiff sent his only copy of the original documents to the Michigan Supreme Court, along with an affidavit explaining that he could not provide the necessary copies. On February 17, 2006, an "outside source" went to the Michigan Supreme Court Clerk's office to "intersept [sic] Plaintiff's application for leave to appeal copy the needed copys [sic], serve the prosecutor's office, and file it back with the Clerk of the Court, as the Plaintiff could not file it himself due to the Defendants' actions." Plaintiff claims that Defendants' conduct violated

his right of access to the courts. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

        II.        <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

As noted above, Plaintiff claims that his right of access to the courts was violated. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL

58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

In reviewing Plaintiff's grievance, Defendant Robinson noted that Plaintiff had a copy card, but had not activated it by purchasing credits for the card. Plaintiff merely stated that he had no funds, although his account showed that he did have funds available. Defendant Robinson noted that prisoners at HTF can make their own copies on the PBF (Prisoner Benefit Fund) funded copy machine, and that Plaintiff had failed to show how his rights had been violated when he had the means to make his own copies. (*See* Defendant Robinson's grievance response to HTF 0602 0090 14Z, dated February 14, 2006, attached as an exhibit to Plaintiff's complaint.) Plaintiff does not allege that he made any attempt to exhaust his funds making copies prior to asking for the prison to

provide free legal copies. Moreover, Plaintiff was able to conform to the requirements of the Michigan Supreme Court and suffered no actual injury to his pending litigation. Therefore, Plaintiff has failed to state an access to courts claim.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Date:      June 15, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE